UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WADE LINDEN,<br><br>    Plaintiff,<br><br>v.<br><br>DICKS SPORTING GOODS,<br><br>    Defendant. | Case No. _____<br><br><br>JURY TRIAL DEMANDED |

## **COMPLAINT**

NOW COMES Plaintiff, Wade Linden, by and through his attorney, Stephen H. Franko, Esquire, and files this Complaint alleging as follows:

### **I. Nature of the Action**

1.  This action follows a Pennsylvania Department of Labor finding that the Defendant violated State law and continues to be in such violation. A Copy of the Department of Labor Order is attached hereto as Exhibit "A".

2.  Plaintiff alleges discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§621-623 because Plaintiff was terminated based on Age.

## II. Jurisdiction and Venue

3. This action arises under the ADEA, 29 U.S.C. §§621-623. This Court has jurisdiction over Plaintiff's discrimination claims pursuant to 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over Plaintiff's discrimination claims pursuant to 28 U.S.C. § 1367(a).

5. Plaintiff is a resident and citizen of Pennsylvania, and substantial part of the events or omissions giving rise to the claims occurred at Defendant's business which is located in the Middle District of Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Middle District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

## III. Parties

6. Plaintiff, Wade Linden ("Plaintiff"), is an adult individual residing at 118 Patricia Lane, Tunkhannock, Pa 18657 of Wyoming County, Commonwealth of Pennsylvania.

7. Defendant, Dicks Sporting Goods ("Defendant"), is a business with a location at 479 Arena Hub Plaza, Wilkes Barre, Pa 18702 of Luzerne County, Commonwealth of Pennsylvania.

## IV. Facts

8.    Plaintiff became employed by the Defendant on August 21, 2006.

9.    Plaintiff worked as a General Manager.

10.    Plaintiff was subjected to discriminatory treatment up to and including in June 2016 when he was wrongfully terminated.

11.    Plaintiff was terminated on June 23, 2016 and replaced with a much younger employee following age related remarks and in spite of a positive performance review.

12.    Defendants refused to provide access to or the documentation for such termination even after the Department of Labor ordered them to do so.

## Count I
### Discrimination in Violation of the ADEA

13.    The preceding paragraphs are incorporated herein as if set forth at length.

14.    Plaintiff was born on February 3, 1954 and was 62 years of age when he was discriminated against.

15.     Defendant had a habit of trying to get rid of older employees by way of termination. The Defendant would then replace the older employees with younger employees.

16.     Defendant discriminated against the Plaintiff in violation of the ADEA in the following ways:

a. The Plaintiff received discriminatory comments from the District Manager regarding his age, i.e.

16.a.i.   During a performance review in which Plaintiff received a satisfactory review, District Manager, Jules Ginaldi, mentioned that if Plaintiff was not going to retire this year that he needs to "step it up" otherwise he should retire.

16.a.ii.   During a conversation between Plaintiff and District Manager Ginaldi, Ginaldi referred to his late 1960's Classic Camaro amd Ginaldi said to Plaintiff "you probably worked on these when they were new".

16.a.iii.   Defendant and Plaintiff's immediate supervisor routinely insinuated and provided the notion that Plaintiff was replaceable with younger employees who had more upside potential.

## **Request for Relief**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendant for the following:

a. Loss of wages in the amount in excess of $100,000.00

b. Loss of future wages in the amount in excess of $200,000;

c. Additional liquidated and punitive damages;

d. Plaintiff's legal fees in an amount in excess of $25,000;

e. Pre-judgment and continuing interest;

f. Court costs; and

g. Other such relief as the Court may deem just and proper.

Respectfully submitted,

/s/   Stephen H. Franko IV
Stephen H. Franko, IV
Pa ID: 306790
120 Bridge Street, Suite #1
Tunkhannock, PA 18657
(570) 731-3000
Counsel for Plaintiff